**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| MARY MCGEE,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC.,<br><br>Serve at:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar<br>Jefferson City, MO 65101<br><br>    Defendant. | Cause No<br><br>Division<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff Mary McGee ("Plaintiff"), by and through her undersigned counsel, and for her petition states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff

suffered the harms described herein in Missouri. Venue is also proper in the City of St. Louis for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from unpaid medical bills with S E Emergency Physicians Memphis from a personal visit to the emergency room.

6. Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff visited the emergency room, the balance being collected of $722.00 is not due and owing because, to the best of her knowledge, Plaintiff had Medicare at the time services were rendered and Plaintiff does not recall receiving an Explanation of Benefits stating that she owed this amount. Further, Plaintiff should not have been balance-billed for any amount, given her Medicare status.

7. Defendant Healthcare Revenue Recovery Group, LLC. ("Defendant") is a corporation with its principal place of business located outside the state of Missouri.

8. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

Electronically Filed - City of St. Louis - September 20, 2019 - 02:49 PM

## FACTS

10. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11. On February 26, 2019, Defendant attempted to collect the alleged consumer debt from Plaintiff via mail by sending its initial collection letter to Plaintiff. Plaintiff received this initial collection letter on or about March 5, 2019, which stated a balance of $722.00 but contained no due date for payment.

12. The letter further explained that Plaintiff had thirty days to dispute the debt, and it instructed Plaintiff to contact Defendant.

13. Plaintiff immediately believed the balance due was suspicious for the reasons stated above.

14. Within a short time of receiving the letter, on approximately March 11, 2019, and well-within the thirty-day dispute period set forth in Section 1692g, Plaintiff called Defendant as its letter instructed.

15. Defendant confirmed Plaintiff's identity and provided Plaintiff with the current account balance.

16. Plaintiff disputed the debt; specifically, Plaintiff told Defendant that she did not recall having this bill and that she had health insurance at the time Defendant alleged services were rendered.

17. Defendant replied that Plaintiff's insurance did not pay.

Electronically Filed - City of St. Louis - September 20, 2019 - 02:49 PM

18. If this is true, the debt is invalid and not owing because it was never submitted for payment to Plaintiff's insurer.

19. As the collection letter did not contain any due date, Plaintiff inquired as to when the payment was due on this debt.

20. Defendant, notwithstanding that it knew that Plaintiff had a dispute about the debt, told Plaintiff that her payment was due that very day, March 11, 2019; this was a date well within the 30 day dispute period.

21. This was a collection communication that overshadowed Plaintiff's dispute rights and caused her to believe that Defendant would not honor her right to dispute the debt or that she had no right to dispute the debt- especially since she had clearly communicated her dispute to Defendant prior to Defendant's demand for immediate payment.

22. Defendant then asked if Plaintiff was able to make a payment immediately, over the telephone.

23. Plaintiff, shocked by Defendant's demand for payment during the 30 day dispute period, ended the call shortly thereafter.

24. Plaintiff, given the immediacy of Defendant's demands for payment, thought that Defendant would not honor her right to dispute the debt and that she would have no opportunity to raise her dispute about the debt.

25. Accordingly, Defendant overshadowed Plaintiff's right to dispute the debt.

26. As a result of Defendant's conduct above, Plaintiff felt harassed and frustrated.

27. Given the immediacy of Defendant's demands for payments, Plaintiff felt that she had no option other than to hire an attorney to advise her about the debt and about Defendant's representations regarding the debt.

28. Furthermore, Defendant caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff has been deprived of her statutorily created right to truthful information about the debt, specifically that Defendant has tried to collect an amount that, to the best of her recollection, greatly overstates any amount due and owing; and

   b. Plaintiff was deprived of her statutory right to dispute the alleged debt.

29. The injuries, in fact, are fairly traceable to the challenged actions of Defendant, in that Defendant engaged in the telephone conversation with Plaintiff.

30. Plaintiff's injuries, in fact, are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. In its attempts to collect the alleged debt from Plaintiff, Defendant committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following:

   a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by trying to collect an amount that, to the best of Plaintiff's recollection, is not actual due or owing or greatly overstates any amount due and owing. See 15 U.S.C. §1692e; and

Electronically Filed - City of St. Louis - September 20, 2019 - 02:49 PM

    b.  Overshadowing Plaintiff's dispute rights, specifically by making a demand for payment within the 30 day dispute period. See 15 U.S.C. §1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A.  Judgment that Defendant's conduct violated the FDCPA;

  B.  Actual damages in an amount to be determined by the jury;

  C.  Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  D.  For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorneys for Plaintiff