**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARY MCGEE,                               ) | |
|        Plaintiff,                               ) | |
| v.                                                    ) | Case No. 4:19-cv-02887 SEP |
| HEALTHCARE REVENUE RECOVERY ) GROUP, LLC,                              ) | |
|        Defendant.                           ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Healthcare Revenue Recovery Group, LLC's ("HRRG") Rule 56(d) Motion in Lieu of Response to Plaintiff's Motion for Summary Judgment ("Rule 56(d) Motion"). Doc. [21]. Plaintiff Mary McGee ("McGee") opposes the Motion. Doc. [23]. For the reasons below, HRRG's motion is denied.

**I.      BACKGROUND**

McGee filed a Petition in Missouri state court seeking monetary relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Doc. [4]. HRRG removed the case to this Court under 28 U.S.C. §§ 1331, 1441, and 1446. Doc. [1]. McGee alleges she received a letter from Defendant requesting payment for medical services McGee previously received. Doc. [4] ¶ 11. The letter, dated February 26, 2019, informed McGee that she had thirty days to dispute the debt listed in the letter. *Id*. ¶ 12. After receiving the letter, McGee telephoned Defendant to discuss the outstanding debt. *Id*. ¶ 14. During the telephone conversation, McGee asked HRRG when the payment was due. *Id*. ¶ 19. HRRG allegedly responded that the payment was already due. *Id*. ¶ 20. McGee claims this statement

overshadowed her dispute rights in violation of the FDCPA by making a demand for payment within the 30-day dispute period. *Id*. ¶ 32. HRRG filed an Answer to McGee's Petition, and McGee moved for summary judgment as to liability. Doc. [5]; Doc. [11].

HRRG filed a Rule 56(d) Motion in Lieu of Response to Plaintiff's Motion for Summary Judgment, asking the Court to stay McGee's motion until the parties could conduct discovery. Doc. [21]. Specifically, HRRG seeks to depose McGee and obtain written discovery as to "her alleged beliefs and feelings, and as to her allegation that Defendant provided a deadline within the thirty-day dispute period." Doc. [22] ¶ 5. Additionally, HRRG requests "discovery as to the circumstances surrounding the telephone call, including the identification of all individuals (including attorneys) present during the call, and instructions or scripts utilized during the call." *Id*. Finally, HRRG seeks to depose McGee's bankruptcy attorney, who had reportedly been retained by McGee prior to the March 11 telephone call. *Id*. ¶ 6.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 56(d) provides that a court may "allow time . . . to take discovery" when "a [litigant] shows by . . . affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Rule 56(d) "does not require trial courts to allow parties to conduct discovery" before entering summary judgment, and a district court has "wide discretion" in resolving a Rule 56(d) motion. *Anzaldua v. Northeast Ambulance and Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (internal quotation marks and citations omitted); *accord GEICO v. Isaacson*, 932 F.3d 721, 726 (8th Cir. 2019) ("A district court has 'wide discretion' in considering a Rule 56(d) motion.") (internal citation omitted); *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (noting

appellate review of the district court's wide discretion in resolving a Rule 56(d) motion is "very deferential") (internal quotation marks and citation omitted).

To succeed on a Rule 56(d) motion, a litigant must provide more than "an unspecific assertion" that more time is needed to respond to the summary judgment motion and, instead, must "show he would benefit from further discovery" by stating "with specificity what evidence further discovery would uncover." *Anzaldua*, 793 F.3d at 837.  In particular, the litigant seeking a stay of a summary judgment motion must demonstrate how postponement of a ruling on the summary judgment motion will enable the litigant "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014) (internal quotation marks and citations omitted).

HRRG argues that the requested discovery is reasonable because McGee "makes assertions regarding her belief and feelings resulting from 'Defendant's conduct' during [the March 11] telephone conversation." Doc. [22] ¶ 8. To be sure, McGee's Statement of Uncontroverted Facts says Defendant's conduct caused her to believe she had no other option but to retain counsel in order to contest the debt. Doc. [13] ¶ 10.  McGee's belief in turn led McGee to incur attorney's fees and caused her to suffer stress, anxiety, and frustration. *Id*. at ¶ 11.  In other words, McGee's belief led her to incur *damages*.

But McGee has moved for summary judgment as to liability only. *See* Doc. [11] ¶ 3. Whether HRRG is liable depends on whether its actions "'would mislead or confuse' an

unsophisticated [consumer]."[1]  *Glackin v. LTD Fin. Serv., L.P.*, No. 4:13–CV–00717 (CEJ), 2013 WL 3984520, at *3 (E.D. Mo. Aug. 1, 2013) (citation omitted).  "[T]he unsophisticated consumer standard is an objective standard."  *Schuller v. AllianceOne Receivables, Mgmt., Inc.*, No. 4:15 CV 298 CDP, 2016 WL 427961, at *6 n.3 (E.D. Mo. Feb. 4, 2016); *see also McHugh v. Valarity, LLC*, No. 4:14–CV–858 JAR, 2014 WL 6772469, at *3 (E.D. Mo. Dec. 1, 2014) ("McHugh's subjective knowledge of her rights or the circumstances surrounding her phone call has no bearing on any claim or defense under the Act.").

Because neither McGee's subjective belief nor the circumstances surrounding her call has any bearing on HRRG's liability, the Court will deny HRRG's Rule 56(d) Motion.  However, the Court may revisit this determination if HRRG's summary judgment briefing makes clear that the requested discovery is warranted.

**IT IS HEREBY ORDERED** that Defendant's Rule 56(d) Motion is **DENIED**.

**IT IS FURHER ORDERED** that Defendant shall have until June 18th, 2020, to file a response to Plaintiff's Motion for Summary Judgment.

Dated this     28th     Day of May, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The *Glackin* opinion uses the term "unsophisticated debtor" interchangeably with "unsophisticated consumer." *Glackin*, 2013 WL 3984520, at *3.  For simplicity's sake, this Court will use the latter construction throughout.